# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HEATH VINCENT FULKERSON,

     Plaintiff,

v.

FARMERS INSURANCE GROUP,
JOHN S. BARSANTI,

     Defendants.

Case No.: 3:19-cv-00714-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). It is recommended that the IFP application be granted and the complaint filed, but that the case be dismissed without prejudice for lack of subject matter jurisdiction.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The

application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. LACK OF SUBJECT MATTER JURISDICTION

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Federal courts exercise limited jurisdiction. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's complaint sues Farmers Insurance Group and John S. Barsanti. The complaint indicates that Plaintiff is a citizen of Reno, Nevada, and then lists the address for both Farmers Insurance Group and John S. Barsanti in Reno, Nevada. The lawsuit relates to the handling of a property damage insurance claim. (ECF No. 1-1 at 1-2.) The complaint then states that the basis of the federal court's jurisdiction is diversity jurisdiction, and Plaintiff again asserts that he is a

citizen of Nevada, and states that Farmers Insurance Group is incorporated under the laws of the State of Nevada, and has its principal place of business in California. (*Id*. at 3.)

A corporation is deemed a citizen of every state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, Plaintiff is a citizen of Nevada. John S. Barsanti is a citizen of Nevada, and Farmers Insurance Group is a citizen of both Nevada and California. 28 U.S.C. § 1332 requires complete diversity of citizenship for an action to proceed in federal court. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978). Complete diversity is lacking here; therefore, this action should be dismissed without prejudice so that Plaintiff may re-assert his claims in the correct court. *See Mo. Ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report

and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 17, 2019.

_____
William G. Cobb
United States Magistrate Judge

4