UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>Plaintiff,<br>v.<br><br>FARMERS INSURANCE GROUP, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00714-MMD-WGC<br><br>ORDER |

Plaintiff Heath Vincent Fulkerson sues Farmers Insurance Group, and its Reno, Nevada-based agent John S. Barsanti, alleging they have violated Farmer's company policies, along with unspecified state and federal insurance laws, in processing an insurance claim. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 7), recommending that the Court grant Plaintiff's *in forma pauperis* application ("IFP Application"), but dismiss this case, because Plaintiff alleges Farmers is a Nevada corporation, which defeats Plaintiff's allegation that the Court has diversity jurisdiction over this case. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and will dismiss this case.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate

1 judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Plaintiff has failed to object to Judge Cobb's recommendation to grant Plaintiff's IFP application but dismiss this case, the Court will conduct a *de novo* review to determine whether to adopt the R&R. Judge Cobb found that complete diversity is lacking here because Plaintiff alleges Farmers is a Nevada corporation. (ECF No. 7 at 2-3.) Judge Cobb therefore concluded that the Court lacks jurisdiction over Plaintiff's case, and recommends that it be dismissed without prejudice so Plaintiff may re-assert his claims in the correct court. (*Id.* at 3.) Having reviewed the R&R and the Complaint (ECF No. 1-1), the Court agrees with Judge Cobb.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's case is dismissed in its entirety, without prejudice but without leave to amend, for lack of subject-matter jurisdiction.

///

///

///

///

///

2

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 7th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE